**ORDERED.**

**Dated: November 16, 2009**



Eileen W. Hollowell

**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 13 |
| ) | |
| PETER TESCIONE, JR., ) | No. 4-09-bk-05569-EWH |
| ) | |
| ) | **MEMORANDUM DECISION** |
| Debtor. ) | |

## I. INTRODUCTION

Debtor's fraudulent transfer of his residence to a third party did not void the transfer. Accordingly, Debtor may not avoid a judgment lien which attached to the residence while title was held by the third party.

## II. PROCEDURAL HISTORY

Debtor filed a Chapter 13 petition on March 25, 2009. He scheduled real property, located at 4471 West Meggan Place, Tucson, Arizona ("Property"), on Schedule A and claimed the Property as exempt on Schedule C. On June 26, 2009, he filed a Motion to Avoid Judicial Lien of Auto Owners Insurance Co. and Owners Insurance Co. ("Auto Owners").

On August 5, 2009, Auto Owners filed an objection ("Objection") to the lien avoidance motion ("Motion"). Oral argument was held on August 18, 2009, at which the court requested supplemental briefing on the effect of a state court fraudulent conveyance judgment regarding the Debtor's prepetition transfer of the Property to a third party. The supplemental briefs have been filed and the matter is now ready for decision.

III. <u>FACTS</u>

On February 26, 2007, the Debtor transferred the Property to Anisa Tai ("Tai Transfer"). The Tai Transfer occurred one day before judgment was entered against the Debtor in Pima County Case No. C-20045191. Auto Owner is the current holder of that judgment ( "Auto Owner Judgment").

The Auto Owner Judgment was recorded with the Pima County Recorder's Office on March 6, 2007. Auto Owners filed a complaint and then an amended complaint against both the Debtor and Tai seeking relief under the Uniform Fraudulent Transfer Act ("ARIZ. REV. STAT. § 44-1004 et. seq.") ("Fraudulent Transfer Complaint"). Tai did not appear or otherwise answer the Fraudulent Transfer Complaint. A default judgment was entered against Tai on October 31, 2007 ("Tai Default Judgment"). The Tai Default Judgment provided, among other things, that:

(1)     Pursuant to ARIZ. REV. STAT. § 44-1007(A)(2), the transfer of the Property to
        Tai from the Debtor was "avoided" to any extent necessary to satisfy the
        Auto Owner Judgment; and,

2

(2)     Tai was permanently enjoined from further transferring the Property until

the Auto Owner's Judgment was satisfied in full.

Auto Owners recorded the Tai Default Judgment on October 31, 2007.  On

November 19, 2009, notwithstanding the Tai Default Judgment injunction, Tai

reconveyed the Property to the Debtor.


## IV.  STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 157(b)(2)(A), (B) and (O).


## V.  ISSUE

Did the Debtor's fraudulent transfer of the Property void the transfer so that when

the Auto Owner judgment attached, the Debtor remained the owner of the Property?


## VI.  DISCUSSION

The Objection raised a number of arguments, only one of which needs to be

addressed by the Court.  Auto Owners argues that the Debtor cannot avoid either the

Auto Owner Judgment or the Tai Default Judgment under 11 U.S.C. § 522(f) because

both judgments were attached to the Property when Tai, not the Debtor, owned the

Property.  Section 522(f)(1) only permits a debtor to avoid a lien in property in which a

debtor has an interest.  See Farrey v. Sanderfoot, 500 U.S. 291, 296 (1991).  See also

In re Pederson v. Weeks, 230 B.R. 158, 161 (9th Cir. BAP 1999) ("unless the debtor

had the property interest to which the lien attached at some point before the lien

3

attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)") (quoting Owen v. Owen, 961 F.2d 170, 172 (11th Cir. 1992)).

According to the Debtor, however, the Tai Default Judgment completely unwound the transfer of the Property from the Debtor to Tai.[1] Accordingly, title to the Property remained with the Debtor and, therefore, he did have an interest in the Property on the date both the Auto Owners Judgment and the Tai Default Judgment were recorded, which permits him to use § 522(f)(1) to avoid both judgment liens.

However, the language in the Tai Default Judgment did not void the transfer of the Property between the Debtor and Tai. It "avoided the transfer to the extent necessary" to satisfy the Auto Owner's Judgment. Accordingly, the Tai Default Judgment does not void the transfer of the Property from the Debtor to Tai. As noted by Auto Owners' supplemental brief, numerous cases which have interpreted the Uniform Fraudulent Transfer Act have held that fraudulent transfers under the Act are only voidable, not void. See Auto Owners' Supplemental Brief at pages 3-5.

In re Sbriglio, 306 B.R. 445 (Bankr. D. Conn. 2004) is almost directly on point. In that case, the debtors transferred homesteaded property to their daughter. The creditor then obtained a state court judgment setting aside the transfer under Connecticut's version of the Uniform Fraudulent Transfer Act. When the debtors filed for bankruptcy, they asserted that, as a result of the state court's fraudulent transfer judgment, the

--------

[1] The Debtor, citing In re Roca, 404 B.R. 531, 547 (D. Ariz. 2009), also argues that under Arizona law, there can be no fraudulent conveyance of exempt property. However, that argument should have been raised in the Fraudulent Transfer Action in state court. This court may not undo the Tai Default Judgment, which is a final non-appealable judgment. See Worldwide Church of God. v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

4

ownership of the residence was vested in the debtors. The bankruptcy court rejected

that argument, and held that "[h]aving transferred title to the residence prepetition to the

daughter, the debtors retained no ownership interest in the residence on the date of

their bankruptcy petition." Id. at 448; see also, West v. Baker, 109 Ariz. 415, 417,

510 P.2d 731, 733 (1973) (court noted that the judgment of fraudulent conveyance in

Arizona does not result in reinstatement of title in the grantor).

The cases cited by the Debtor are not to the contrary. Those cases hold that the

transfer may be ignored by the creditor, which is not the same as holding that the

transfer can be ignored by the transferor. It would make no sense to permit a judgment

debtor to fraudulently convey property in an effort to avoid her creditors and then permit

her to treat the transfer as a nullity so as to exempt the property from creditors whose

lien attached while the property was held in the name of the fraudulent transferee.

Because the Tai Default Judgment did not void the transfer of the Property to Tai,

the Debtor had no interest in the Property on the date that both the Auto Owners'

Judgment and the Tai Default Judgment attached to the Property. Accordingly, the

Debtor may not avoid either judgment pursuant to § 522(f)(1). As a result of this

holding, the Court need not address the other arguments raised by Auto Owners in its

Objection.


VII. CONCLUSION

For the reasons set forth above, the Debtor may not avoid the Auto Owner or Tai

Default Judgments. An order consistent with this decision will be uploaded this date.

5

An order setting a status hearing on the Auto Owner's Motion for Relief from Stay will also be issued.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Peter Tescione, Jr.
4471 West Meggan Place
Tucson, AZ 85741

Dianne C. Kerns
7320 North La Cholla #154 PMB 413
Tucson, AZ 85741-2305

Cheryl K. Copperstone
Law Office of Cheryl K. Copperstone
252 West Ina Rd., Suite 203
Tucson, AZ 85704

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003