**ORDERED.**

**Dated: December 21, 2010**

**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>PETER TESCIONE, JR.,<br><br>Debtor. | Chapter 13<br><br>No. 4-09-bk-05569-EWH<br><br>**MEMORANDUM OVERRULING DEBTOR'S OBJECTION TO ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW** |

Peter Tescione ("Debtor") objects ("Objection") to the court's November 17, 2010 order permitting his counsel ("Counsel") to withdraw from representation. For the reasons set forth below, the Objection is overruled.

### I. FACTS AND PROCEDURAL HISTORY

On March 25, 2009, a Chapter 13 petition was filed by the Debtor. From that date until November 17, 2010, Debtor was represented by Counsel. The Disclosure of Compensation of Attorney for Debtor ("Disclosure") filed on April 9, 2009 reveals that Counsel was paid the sum of $1,226.00 pre-petition with a balance due of $3,274.00. The Disclosure's scope of representation excludes from representation adversary or contested proceedings. Also, on April 9, 2009, a Motion and Application for Allowance of Attorney's Fees as an Administrative Expense was filed seeking an order which would provide for payment of the balance of Counsel's legal fees of $3,274 upon the

confirmation, dismissal or conversion of the Debtor's bankruptcy case. As of the date of this order, the Debtor's Chapter 13 case is still pending, but no plan has been confirmed.

Notwithstanding the exclusions contained in the Disclosure, Counsel represented the Debtor in multiple contested matters, including several lift stay proceedings, contested confirmation hearings, and a claim objection. After the court granted relief from the stay to a judgment creditor, the Debtor, in pro se, filed a motion for extension of time to file a notice of appeal ("Pro Se Motion"). The Debtor's counsel then filed a motion to withdraw ("Motion to Withdraw") on the grounds that communication had broken down with her client and that the Debtor would not follow her legal advice. The court set both the Pro Se Motion and the Motion to Withdraw for an expedited hearing ("Expedited Hearing"). At that hearing, the court orally granted the Motion to Withdraw. A written order authorizing counsel's withdrawal was entered on November 17, 2010.

On November 18, 2010, Debtor filed the Objection, which the court treats as motion for new trial or to alter or amend its order pursuant to Rule 9023.[1]

## II. DISCUSSION

The Objection asserts that Debtor did follow Counsel's advice, that the filing of the Motion to Withdraw violated the Arizona Rules of Professional Conduct, that Debtor's contract with Counsel required Counsel to represent him through the

---

[1] Unless otherwise noted, all citations to a Rule are citations to the Federal Rules of Bankruptcy Procedure.

conclusions of any appeals, that his medical condition[2] prohibits Counsel from withdrawing, and finally that Counsel is required to obtain alternative counsel to represent him on any appeal under the terms of his contract with Counsel and at no additional cost to Debtor.

Local Rule 2083-8 authorizes withdrawal of counsel in a Chapter 13 case by court order. Whether to permit counsel to withdraw is a matter of discretion with the trial court. United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009). Numerous cases have held that a breakdown in the attorney-client relationship is grounds for permitting counsel to withdraw. See, e.g., S.E.C. v. Souza, 2010 WL 2231822, at *1 (E.D. Cal. Jun. 10, 2010); Moss Landing Comm. Park LLC v. Kaiser Aluminum Corp., 2009 WL 764873, at *1-2 (N.D. Cal. 2009). In this case, the breakdown in the attorney-client relationship was evidenced by Debtor's pro se filing of a pleading requesting an extension of time to file a notice of appeal. The court finds that the Objection and its attachments provide further evidence of a breakdown in the attorney-client relationship.

Debtor's assertions that Counsel has violated the Arizona Rules of Professional Conduct do not change the result. Indeed, it is further evidence of the breakdown in the attorney-client relationship. However, this court is not the proper venue for deciding Debtor's claims of Counsel's misconduct. As the court explained at the Expedited Hearing, the Debtor is free to pursue such claims with the State Bar of Arizona, but this court is not the proper forum for the adjudication of such claims.

[2] Debtor asserts that he has early onset Alzheimer's.

The Objection also requests that the court enforce Debtor's contract with Counsel which allegedly requires Counsel to represent him through any appeal or find other counsel to do so at no additional cost. However, the only documents on file with the court exclude Counsel's representation of Debtor in contested matters. An appeal is certainly a contested matter. In any event, to the extent that there is a dispute about the terms of the retainer agreement between the Debtor and Counsel, that is also a matter for the State Bar of Arizona.

Finally, to the extent that the Objection asserts that, because Debtor is greatly prejudiced by Counsel's withdrawal and/or because he is ill, he must be provided counsel, Debtor is mistaken. Bankruptcy is a civil proceeding. There is no right to counsel in civil proceedings. Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994).

## III. CONCLUSION

For all of the above-stated reasons, as well as the reasons stated on the record at the Expedited Hearing will be entered this date overruling the Objection.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Peter Tescione, Jr.
4471 West Meggan Place
Tucson, AZ 85741

Margaret McCracken
926 North 34th Street
Milwaukee, WI 53208

Thomas A. Denker, Esq.
Munger Chadwick, P.L.C.
333 North Wilmot Rd., Suite 300
Tucson, AZ 85711

Cheryl K. Copperstone, Esq.
Law Offices of Cheryl K. Copperstone, PC
252 West Ina Rd., Suite 203
Tucson, AZ 85704

Dianne C. Kerns
7320 North La Cholla #154 PMB 413
Tucson, AZ 85741-2305

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ 85003