**ORDERED.**

Dated: December 21, 2010

_____
**EILEEN W. HOLLOWELL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| PETER TESCIONE, JR., | Case No. 4:09-bk-05569-EWH |
| Debtor. | **MEMORANDUM DENYING DEBTOR'S MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

Peter Tescione (the "Debtor") seeks to have the court reverse an order granting relief from stay on his residence. However, the Debtor has provided no newly discovered evidence or any other reason that would warrant setting aside the court's order.

## II. FACTUAL AND PROCEDURAL HISTORY

Debtor, represented by counsel, filed a Chapter 13 petition on March 25, 2009. Debtor's sole real property asset is his residence ("Residence"). Prior to the filing of his petition, there had been ongoing litigation in state court between the Debtor and his homeowner's association. That litigation resulted in a judgment awarding attorneys' fees ("Judgment #1") against the Debtor. One day before Judgment #1

was recorded by the creditor ("Creditor"),[1] the Debtor conveyed the Residence to a third party. Further litigation regarding that transfer followed, resulting in a fraudulent transfer judgment ("Judgment #2") being entered to enjoin the third party from conveying the Residence to any other person until both Judgment #1 and Judgment #2 were satisfied in full. Judgment #2 incorporated Judgment #1 (collectively, the "Judgment"). The Judgment was recorded on October 31, 2007. Notwithstanding the bar against conveyance, the third party reconveyed the Residence to the Debtor on November 19, 2007.

The Debtor listed the Residence on his schedules and claimed it as exempt. He listed the Creditor as a general unsecured creditor. Debtor's Schedule I listed his regular monthly income as zero. The Debtor's Chapter 13 plan provided for monthly payments of $118.00 for 58 months with a total return to unsecured creditors of less than $2,000.

Litigation with the Creditor in this court commenced shortly after the Chapter 13 case was filed. The Creditor objected to Debtor's exemption claim on May 12, 2009, objected to plan confirmation on May 15, 2010, and filed a motion for relief from stay on May 22, 2010. In response, Debtor's counsel filed an opposition to the motion for relief from stay and filed a motion to avoid Creditor's judgment lien under 11 U.S.C. § 522(f). Resolution of the Creditor's stay relief motion was deferred until the Debtor's § 522(f) litigation was completed. On November 16, 2010, the court issued a memorandum decision and order finding that the Debtor could not avoid Creditor's judgment lien because he did not hold title to the Residence when the Judgment was recorded.

---

[1] There are two creditors, Auto Owners Insurance Co. and Owners Insurance Co, who are both represented by the same counsel and have been acting in unison throughout these proceedings. For simplicity, this memorandum refers to them simply as Creditor.

After entry of that order, Debtor's counsel filed an amended Chapter 13 plan which provided for varying monthly payments over a sixty month term with a balloon payment to the Creditor in the final month of the plan. Creditor responded by filing a renewed motion for relief from stay and an objection to the amended plan. The renewed motion for relief from stay "rode" the calendar with the contested Chapter 13 evidentiary confirmation hearing. That hearing was held on May 26, 2010. On June 4, 2010, an order was entered denying confirmation of the amended plan.

On July 9, 2010, Debtor's counsel filed an objection to Creditor's claim as "excessive and unnecessary" (the "Claim Objection"). On July 27, 2010, Creditor filed an "Amended/Renewed Motion for Relief from Stay" ("Lift Stay Motion #2"). The court held a combined evidentiary hearing on the Claim Objection and Lift Stay Motion #2 on October 22, 2010 (the "Evidentiary Hearing") and announced its ruling from the bench. The court overruled the Claim Objection and granted Creditor stay relief effective November 22, 2010. However, an order lifting the stay (the "Lift Stay Order") was not entered until November 18, 2010.

Sometime after the Evidentiary Hearing, there was a breakdown in the attorney-client relationship between Debtor and his counsel ("Counsel"). On November 3, 2010, the Debtor filed a pro se motion to extend the time to appeal the Lift Stay Order ("Motion to Extend"). On November 8, 2010, Counsel moved to withdraw.

The court set a hearing on both motions for November 12, 2010. At that hearing, the court granted Counsel's motion to withdraw. The court also ruled that the Motion to Extend was not timely filed under Rule 8002(c)(2).[2] The court erroneously

---

[2] Unless otherwise indicated, all citations to the Rules refer to the Federal Rules of Bankruptcy Procedure.

calculated the time period based on the date of its oral ruling at the Evidentiary Hearing. In fact, the Lift Stay Order had not yet been submitted by the Creditor at the time of the November 12 hearing. The court also ruled that even if the Motion to Extend was timely, there was no cause to grant an extension because the Debtor did not demonstrate that he had anything more than a "hope" that he could confirm a Chapter 13 plan.

On November 18, 2010, the Debtor filed a "Motion for Reconsideration re: Lifting the Stay" (the "Reconsideration Motion"). The court will treat the Reconsideration Motion as a Rule 9023 motion to alter or amend a judgment.

### III. ISSUES

(1) Did the filing of the Reconsideration Motion toll the time to file an appeal?

(2) Should Debtor's Reconsideration Motion be granted?

### IV. JURISDICTIONAL STATEMENT

Jurisdiction is proper under §§ 28 U.S.C. 1334 and 157(b)(1)(G).

### V. DISCUSSION

A. Time to appeal

A party seeking to appeal a bankruptcy court's judgment, order, or decree must file a notice of appeal within fourteen days of entry of the judgment. Rule 8002(a). An extension of time to file the notice of appeal is not available if the order being appealed from is an order lifting the automatic stay. Rule 8002(c)(1)(A). When a notice of appeal is filed "after the announcement of a decision or order but before entry of the judgment, order, or decree," a court shall treat the notice as having been filed on the same day as the entry of the judgment. Rule 8002(a).

If a party files a timely "tolling motion," then the time for appeal does not start to run until after the court disposes of the last tolling motion. Rule 8002(b). See also Nat'l Loan Investors, L.P. v. Brewster (In re Brewster), 243 B.R. 51, 55 (B.A.P. 9th Cir. 1999). Rule 8002(b)(2) provides that a tolling motion includes any motion to alter or amend a judgment under Rule 9023, which incorporates Fed. R. Civ. P. 59 by reference. Moreover, if a notice of appeal had been filed before disposition of a tolling motion, then the notice of appeal is deemed ineffective until the court disposes of the tolling motion. Rule 8002(b).

The Debtor in this case has not yet filed a notice of appeal, but did file the Motion to Extend which the court erroneously treated as late filed. In fact, the Motion to Extend was filed prematurely because the order granting the Lift Stay Motion was not signed and docketed until November 18, 2010. Brown v. Wilshire Credit Corp. (In re Brown), 484 F.3d 1116, 1121 n.3 (9th Cir. 2007) (court's minute entry is not final judgment).

The Reconsideration Motion, which is a tolling motion, was timely filed because it was filed within twenty eight days of the entry of the Lift Stay Order. Fed. R. Civ. P. 59(b). Therefore, the fourteen day deadline to file a notice of appeal does not begin to run until the court disposes of the Reconsideration Motion. Rule 8002(b). It does so now.

B. The Debtor's Reconsideration Motion

Motions for reconsideration are routinely treated as motions to alter or amend a judgment under Fed. R. Civ. P. 59. In re Thomason, 2008 WL 2755654, at *2 (Bankr. D. Idaho 2008) citing United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1098 (9th Cir. 2008). In order to prevail under Fed. R. Civ. P. 59 the movant

must demonstrate that: (1) there is newly discovered evidence which was not available at the time of trial, (2) the court committed clear error or that its decision was manifestly unjust, or (3) there has been an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001).

The Debtor's argument that the failure of his attorney to present certain possible scenarios for the Debtor to make plan payments does not satisfy the first prong of the test because those possibilities were known at the time of the Evidentiary Hearing. It is not newly discovered evidence. It is evidence Debtor's disagreement with former counsel, but that does not make the evidence "new."[3]

The Debtor also insists that the court's ruling was erroneous because he was making plan payments to the Chapter 13 trustee and adequate protection payments to the Creditor when the ruling was issued. But that evidence is insufficient to demonstrate that the Debtor would be able to make payments for a plan term of sixty months and in amounts sufficient to make the plan confirmable.

At the time Debtor filed his case, and for more than the eighteen months the case has been pending, the Debtor has not had a regular source of income. At the Evidentiary Hearing and in the Reconsideration Motion, Debtor argues that he will receive SSI. However, the possibility that there may be a regular source of income at some future time is not enough to demonstrate that the Debtor could confirm a Chapter 13 plan. Inability to confirm a plan is, by itself, grounds to lift the stay under 11 U.S.C. § 362(d)(2). See In re Moorpark Adventure, 161 B.R. 254 (Bankr. C.D. Cal. 1993).

---

[3] Even if that evidence had been presented, the scenarios set forth in the Reconsideration Motion are so speculative that it is unlikely that the court would have given them any weight.

Finally, the Debtor argues that lifting the stay is unjust because the amount of the Creditor's claim remains in dispute.  It isn't.  At the Evidentiary Hearing, the Debtor's Claim Objection was overruled.  The Creditor's claim, including the attorney's fees (as calculated in Exhibit 17), was allowed.

## VI. CONCLUSION

The Debtor has failed to demonstrate that he has entitled to relief under Rule 9023.  Accordingly his motion will be DENIED.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following

Peter Tescione, Jr.
4471 West Meggan Place
Tucson, AZ  85741

Margaret McCracken
926 North 34th Street
Milwaukee, WI  53208

Thomas A. Denker, Esq.
Munger Chadwick, P.L.C.
333 North Wilmot Rd., Suite 300
Tucson, AZ  85711

Dianne C. Kerns
7320 North La Cholla, #154 PMB 413
Tucson, AZ  85741-2305

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ  85003